UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWANE L. FOSTER, *Pro Se,* | ) | Case No.: 5:25 CV 87 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JAY FORSHEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Antwane L. Foster's *Pro Se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Under Local Rule 72.2(b)(2), the court referred the matter to Magistrate Judge Reuben J. Sheperd ("Judge Shepherd" or the "Magistrate Judge") for the preparation of a Report & Recommendation ("R&R"). (ECF No. 6.)

On July 23, 2025, Judge Sheperd submitted his R&R, recommending dismissal of the Petition and denial of a certificate of appealability, because all grounds for relief procedurally defaulted in state court. (ECF No. 12, R. & R. at PageID 1053.) Specifically, Judge Sheperd found Grounds One, Two, and Three procedurally defaulted because of Foster's failure to timely appeal the appellate court's decision affirming his convictions, and Grounds Four, Five, and Six procedurally defaulted because Foster failed to raise them on direct appeal. (*Id*. at PageID 1044–45, 1048–50.) Finally, Judge Sheperd concluded Foster's procedural default is not excused, because he did not show cause and actual prejudice for his failure to follow the rule, nor that he suffered

manifest injustice, as required. (*Id.* at PageID 1046–47, 1051–52.) The R&R notified the parties that any specific objections to its findings were due by August 6, 2025. (*Id.* at PageID 1054.)

Neither party has objected to Judge Sheperd's Report and Recommendation. In the absence of specific objections to the Magistrate Judge's findings or recommendations, "[a] reexamination of the exact same argument that was presented to the Magistrate Judge . . . wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard v. Sec'y of Health and Hum. Servs.,* 932 F.2d 505, 509 (6th Cir. 1991)). Because no objection has been filed here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes. After careful review of the R&R, and the associated record, the court finds no clear error on the face of Judge Sheperd's R&R. Accordingly, the court adopts Judge Sheperd's R&R as its own.

The court hereby dismisses with prejudice Foster's Petition for Writ of Habeas Corpus (ECF No. 1), finding that all grounds for relief have been procedurally defaulted. The court certifies that there is no basis upon which to issue a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 29, 2025